IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-174-1-BO
No. 5:16-CV-330-BO

| | |
|---|---|
| JONQUILL MCKINLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss petitioner's § 2255 motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Petitioner has responded to the motion to dismiss and the matter is ripe for ruling. For the reasons discussed below, the government's motion is granted.

BACKGROUND

Petitioner was sentenced by this Court on July 16, 2014, to a term of 210 months' imprisonment and a term of 120 months' imprisonment, to be served concurrently, following his plea of guilty to one count of possession with intent to distribute a quantity of heroin and one count of possession of a firearm by a convicted felon. [DE 50]; 21 U.S.C. § 841(a)(1) and 18 U.S.C. §§ 922(g)(1) and 924. Petitioner noticed a direct appeal and the appeal was dismissed as barred by petitioner's plea agreement by order entered March 17, 2015. [DE 62]. In his affidavit in support of his § 2255 motion, petitioner argues that he is actually innocent of the crime of possession of a firearm by a convicted felon because the government presented no evidence that

he posed a serious potential risk of physical injury to another or used firearms by active employment against the person of another. Petitioner further argues that he was misinformed by counsel, the undersigned, and the government and as such his guilty plea was neither knowing nor voluntary. Petitioner relies on the recent United States Supreme Court case *Johnson v. United States*, 135 S.Ct. 2551 (2015), to support his claim. Petitioner seeks the following relief: set aside plea as null and void, vacate conviction and sentence and resentence to correct a fundamental miscarriage of justice.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings).

The Court construes petitioner filing as including a claim for ineffective assistance of counsel. In order to demonstrate that the assistance of counsel was ineffective in violation of the Sixth Amendment, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697.

Petitioner cannot demonstrate prejudice as he has failed to state a plausible claim. Petitioner's conviction for possession of a firearm by a convicted felon does not require that the firearm be used in a violent manner or in a crime of violence. 18 U.S.C. § 922(g). All that is

2

required for conviction under § 922(g) is "that: (1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed, transported, shipped, or received, the firearm; and (3) the possession was in or affecting commerce, because the firearm had travelled in interstate or foreign commerce at some point during its existence." *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995).

The holding in *Johnson* is inapposite to petitioner's claim as he was not sentenced as an armed career criminal under the Armed Career Criminal Act (ACCA). 18 U.S.C. § 924(e). In *Johnson*, the Supreme Court addressed the constitutionality of the residual clause of ACCA's definition of violent felony. 135 S. Ct. 2557 (citing 18 U.S.C. § 924(e)(2)(B)(ii)). Petitioner's reliance on *Bailey v. United States*, 516 U.S. 137 (1995), is further misplaced as *Bailey* addressed convictions under 18 U.S.C. § 924(c) for use of a firearm during and in relation to a drug trafficking offense and not possession of a firearm by a convicted felon under 18 U.S.C. § 922(g).

In sum, petitioner has not made any plausible claim that his plea was not knowing or voluntary, that his counsel was ineffective, or that his sentence or conviction is in violation of the law.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not

find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For these reasons, petitioner has failed to state a claim upon which relief could be granted and his § 2255 motion [DE 73] is properly DISMISSED. The government's motion to dismiss [DE 77] is GRANTED. A certificate of appealability is DENIED.

SO ORDERED, this 15 day of December, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 5:13-cr-00174-BO   Document 94   Filed 12/15/16   Page 4 of 4